UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BARTON WILLIAMS,

    Petitioner,

v.

CHRISTEN PFEIFFER,

    Respondent.

Case No. 20-cv-04776-WHA

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS AND CERTIFICATE OF APPEALABILITY**

## INTRODUCTION

This is a federal habeas corpus action filed by a state prisoner pursuant to 28 U.S.C. § 2245. Respondent was ordered to show cause why the petition should not be granted based on petitioner's claims of instructional error, ineffective assistance of counsel, and cumulative error. Respondent has filed an answer and supporting documents denying petitioner's claims. Petitioner did not file a traverse. For the reasons stated below, the petition is **DENIED.**

## STATEMENT

**A.** **FACTUAL BACKGROUND**

Late in the evening of April 16, 2012, petitioner asked a passerby in a parking lot in San Jose, California, to call 911 because his wife was on fire. The passerby alerted the parking lot attendant, who called 911 and doused the flames with water. An ambulance took petitioner's wife to the hospital where she died the next afternoon of severe burns and inhalation. Petitioner told two police officers that he had left his wife in the parking lot briefly while he went to buy a soda. They had both been drinking alcohol, and he told the police that when he left, his wife had a lit cigarette and when he came back, she was on fire. He said that his wife had fallen asleep and her cigarette caused the fire. Surveillance video footage from the parking lot contradicted this account, however. The video showed petitioner and his wife sitting in the parking lot when

several small flashes of light started in petitioner's lap and moved to his wife's lap. Smoke then appeared, and shortly thereafter, his wife was engulfed in flames. Nearly three minutes later, petitioner used a blanket to smother the flames. An arson investigator concluded that the fire started in petitioner's wife's lap and that it burned too quickly to have been started by a dropped cigarette. A clinical neuropsychologist who examined petitioner concluded that he had slow brain processing speeds, poor planning, attentional deficits, and over 20 years of alcoholism. She opined that a person with these conditions might approach a fire in a haphazard way despite having good intentions.

B. **PROCEDURAL BACKGROUND**

In December 2014, a jury in Santa Clara County Superior Court found petitioner guilty of first-degree murder. On remand, the trial court ultimately sentenced him to a term of 25 years to life in state prison. The California Court of Appeal affirmed the judgment. The California Supreme Court denied a petition for review in an earlier stage of the direct appeal process.

## ANALYSIS

A. **STANDARD OF REVIEW**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a). The petition may not be granted with respect to any claim adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id*. at 409.

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the federal habeas court looks to the last reasoned opinion from the state courts. *See Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). When the state court has rejected a claim on the merits without explanation, this court "must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fair-minded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the U.S. Supreme] Court." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

**B.   CLAIMS FOR RELIEF**

Petitioner claims that the jury instructions on felony murder violated his right to due process, that he received ineffective assistance of counsel, and that the cumulative effect of these errors violated his right to due process. He made these claims in his direct appeal to the California Supreme Court.

1. JURY INSTRUCTIONS

Petitioner claims that his right to due process was violated because the instructions on felony murder misstated California law by failing to specify that there had to be purpose for the felony that was independent of the murder. As explained by the California Court of Appeal, California law penalizes murders committed during the course of a felony --- such as arson --- in two ways: (1) felony murder is a type of first-degree murder under California Penal Code § 189; and (2) a special circumstance that qualifies murder for the death penalty under California Penal

3

Code § 190.2(a)(17)(H) is that the murder occurred in the course of a felony (ECF No. 13.20 at 219-20). The Court of Appeal further explained that one of the elements of felony murder as a special circumstance under Section 190.2(a)(17)(H) is that the defendant committed the felony with a purpose that was independent of the murder, i.e. the felony had an "independent felonious purpose" (*id.* at 221-22). There is no such "independent felonious purpose" element for felony murder under Section 189, however (*ibid.*). Petitioner was convicted of felony murder under Section 189, not of the special circumstance of felony murder under Section 190.2(a)(17)(H). Therefore, the "independent felonious intent" is not an element of petitioner's offense under California law (*ibid.*).

A state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). Even a determination of state law made by an intermediate appellate court must be followed and may not be "'disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.'" *Hicks v. Feiock*, 485 U.S. 624, 630 n.3 (1988). Petitioner's claim rests on his interpretation of state law that differs from the conclusion of the California Court of Appeal that California law does not impose an "independent felonious intent" element on the felony murder offense of which petitioner was convicted. There is no data that the California Supreme Court would decide otherwise, or indication that the California Court of Appeal's conclusion was an "obvious subterfuge" of federal law, *see Mullaney v. Wilbur*, 421 U.S. 684, 691 n.11 (1975). Therefore, the California Court of Appeal's determination is binding on this federal court in conducting habeas review. Because an "independent felonious intent" is not an element of petitioner's offense, the felony murder instructions did not misstate state law, nor violate due process, by failing to include such an element. Accordingly, petitioner's claim for federal habeas relief fails.

    2.    INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner claims that his trial lawyer was ineffective by not objecting to the felony-murder instructions on the grounds set forth in his first claim, and by failing to object to the prosecutor's closing argument.

4

Under *Strickland v. Washington*, 466 U.S. 668, 686 (1984), the claim of ineffective assistance of counsel must be evaluated using two-prongs. Under the first prong, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. When assessing performance of defense counsel under this first prong, the reviewing court must be "highly deferential" and must not second-guess defense counsel's trial strategy. *Strickland*, 466 U.S. at 689. Thus, the relevant inquiry is not what defense counsel could have done but rather whether the choices made by defense counsel were reasonable. *See Babbit v. Calderon*, 151 F.3d 1170, 1173 (9th Cir. 1998). Under the second prong of the *Strickland* test, petitioner bears the highly demanding" and "heavy burden" of establishing actual prejudice. *Williams v. Taylor*, 529 U.S. 362, 394 (2000). A reasonable probability is defined under Strickland as "a probability sufficient to undermine confidence in the outcome." *Id.* If the absence of prejudice is clear, a court should dispose of the ineffectiveness claim without inquiring into the performance prong. *Id.* at 692. Petitioner has the burden of "showing" both that counsel's performance was deficient, *Toomey v. Bunnell*, 898 F2d 741, 743 (9th Cir. 1990), and prejudicial, *Strickland*, 466 U.S. at 694.

For the reasons discussed above, the California Court of Appeal's determination that the felony-murder instruction was correct under state law is binding on federal habeas review. As the instruction is deemed to have correctly stated the law, defense counsel's failure to object to it was neither deficient nor prejudicial.

Defense counsel's failure to object to the prosecutor's closing argument was not prejudicial. The California Court of Appeal found that prosecutor misstated state law when he argued that the jury had to determine whether the evidence showed that petitioner had the capacity to form the intent to kill (ECF No. 17 at 1718-19). The Court of Appeal explained that because California had abolished the diminished capacity defense, the issue was not whether petitioner was *able* to form the intent to kill; it simply had to determine whether he *did* form such intent (ECF No. 13.20 at 225). The Court of Appeal found no prejudice from counsel's failure to object to the prosecutor's misstatement, however, based on the following reasoning:

> But defendant has failed to establish prejudice from defense

counsel's failure to object to that misstatement of law. The remarks at issue were brief. Elsewhere in his closing argument, the prosecutor spent considerable time explaining how, in his view, the evidence established the requisite intent for first degree murder. And the jury was given a series of instructions that correctly explained the law, including CALCRIM No. 200 ("You must follow the law as I explain it to you . . . . If you believe that the attorneys' comments on the law conflict with my instructions, you must follow my instructions"); CALCRIM No. 521 ("The defendant is guilty of first degree murder if the People have proved that he acted willfully, deliberately, and with premeditation"); CALCRIM No. 1501 ("To prove that defendant is guilty of Arson, the People must prove that . . . [¶] . . . [¶] [the defendant] acted willfully and maliciously"); and CALCRIM No. 3428 ["You may consider . . . evidence [that the defendant may have suffered from a mental defect] only for the limited purpose of deciding whether, at the time of the charged crime, the defendant acted with the intent or mental state required for that crime. [¶] The People have the burden of proving beyond a reasonable doubt that the defendant acted with the required intent or mental state . . ."). "In the absence of evidence to the contrary, we presume the jury understood and followed the court's instructions." (*People v. Williams* (2009) 170 Cal.App.4th 587, 635 (*Williams*).) Under these circumstances, the prosecutor's misstatement was not prejudicial and thus cannot form the foundation for an ineffective assistance claim.

(*Id.* at 225-26).

The Court of Appeal's prejudice analysis is a reasonable application of federal law. "Arguments of counsel generally carry less weight with a jury than do instructions from the court." *Boyde v. California*, 494 U.S. 370, 384 (1990). There is no dispute that the instructions in this case correctly stated the law regarding mental capacity and intent. Under *Boyde*, such instructions carried more weight than the prosecutor's incorrect statement, and the jury presumptively followed the other instruction that it must resolve any conflict between the instructions and closing arguments in favor of the instructions. In addition to the instructions, the remark by the prosecutor was brief and came in the context of his argument that petitioner did not in fact form the intent to kill, which was the correct issue before the jury. Lastly, this was not a close case on the issue of petitioner's intent. The video showed him initiate the fire in his wife's lap and then watch her burn for three minutes before beginning to try to put it out. The defense expert indicated that petitioner's mental conditions could make any attempt by him to put out the fire "haphazard," but for three minutes he did not show a "haphazard" effort; he showed no effort. His eventual attempt to put it out and hail a passerby indicated a change of heart, at best, or an

attempt to cover his tracks. The video also established that he lied to the police when he blamed his wife for lighting herself on fire, which reasonably indicated a consciousness of his own guilt. In the context of such evidence that petitioner intended to kill, as well as the instructions' correct statement of the law, there is no reasonable likelihood that the jury would have reached a different verdict if defense counsel had objected to the prosecutor's brief misstatement of the law. Accordingly, the state courts' conclusion that petitioner had not shown prejudice from counsel's failure to object to the prosecutor's closing argument was a reasonable application of federal law, and petitioner is not entitled to habeas relief on this claim.

3. CUMULATIVE ERROR

Petitioner claims that the cumulative prejudicial effect of the errors in his first two claims rendered his trial fundamentally unfair in violation of due process. The cumulative effect of trial errors may result in a deprivation of due process. *Chambers v. Mississippi*, 410 U.S. 284, 298 (1973). "There can be no cumulative error when a defendant fails to identify more than one error." *United States v. Solorio*, 669 F.3d 943, 956 (9th Cir. 2012). The instruction cited in his first claim did not cause any prejudice because it did not have any error, and, as explained above, defense counsel's failure to object to the prosecutor's argument was not sufficiently prejudicial to cause constitutional error. Accordingly, this claim for habeas relief fails.

## CONCLUSION

For the foregoing reasons, the amended petition for a writ of habeas corpus is **DENIED**.

A certificate of appealability will not issue because reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If petitioner wishes to appeal this decision, he must file a notice of appeal in this court, and also request a certificate of appealability from the United States Court of Appeals. The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: January 3, 2022.

WILLIAM ALSUP
United States District Judge